(25 Misc. Rep. 217.)

PEOPLE ex rel. ERNST OCHS v. LYMAN.

(Supreme Court, Special Term, Kings County. November, 1898.)

1. INTOXICATING LIQUORS—REBATE OF TAX—FORFEITURE.
    Laws 1897, c. 312, § 24 (Liquor Tax Law, § 34, subd. 2), declaring a forfeiture without rebate of a liquor tax certificate as a penalty on a conviction of its holder of any violation of the liquor law, and providing that no license to carry on such business at the same place shall be granted for one year thereafter, does not forfeit the right to a full rebate of a tax paid for a certificate effective from May 1, 1898, for a violation of the law committed on April 26, 1898, the certificate having been surrendered on May 2d, the first day of the month being Sunday.

2. SAME—ORDERS FOR REBATE—PREREQUISITES—MANDAMUS.
    Laws 1897, c. 312, § 17 (Liquor Tax Law, § 25), providing that holders of a liquor tax certificate may surrender same, and, on petition to the officer who issued it, he shall execute duplicate receipts for the unexpired portion of such certificate, one of which receipts shall be transmitted to the state excise commissioner and one to the holder, who shall then, under certain conditions, be entitled to orders from state commissioner for a rebate of the tax paid, makes the issuance of a duplicate receipt a prerequisite to the execution of orders by the state excise commissioner, and, in the absence of a showing that such duplicate receipts were issued, a petition for mandamus on the state excise commissioner to compel the issuance of the orders will be denied.

Mandamus, on relation of Ernst Ochs, against Henry H. Lyman, state excise commissioner, to compel issuance of orders for payment of a rebate of liquor tax paid by the relator's assignor. Heard on motion for a peremptory writ. Denied.

Guggenheimer, Untermyer & Marshall, for relator.
Mead & Stranahan, for respondent.

GARRETSON, J. I am of the opinion that the relator (a corporation) is entitled to the rebate of the tax paid for the liquor tax cer

tificate issued to its assignor, Joseph Palevski, by the county treasurer of Queens county for the year from May 1, 1898, to May 1, 1899. The conviction of Palevski was had on April 26, 1898, and while he was trafficking in liquors under a certificate issued for the year commencing May 1, 1897. The conviction worked a forfeiture of the certificate last mentioned, and deprived him of all rights and privileges thereunder, and of any right to the rebate of the tax paid thereon. Liquor Tax Law, § 34, subd. 2, as amended by chapter 312, Laws 1897. The certificate of 1898 was not in force at the date of the conviction. It did not become operative as a license until May 1, 1898. No business was carried on thereunder, and it was surrendered to the county treasurer on May 2d, the first day of the month being Sunday. Besides, the tax, although paid on April 25th, the date of its issuance was not assessed until May 1st. Liquor Tax Law, § 12. A careful reading of the law discloses no warrant for the contention of the respondent that the right to the rebate, under the certificate of 1898, is forfeited by the conviction of Palevski while the certificate of 1897 was in force. The conviction required the refusal of a certificate for the year from May 1, 1898, only, and such course would make necessary a return of the tax paid upon the appropriation therefor. The penal provisions of the statute must be strictly construed, and the courts will not bring about a forfeiture of property rights unless the language of the statute is clear and unequivocal. While the relator may not have a peremptory writ of mandamus directing the respondent to pay the rebate to it, the general words of the notice of motion, "for such other and further relief in the premises as may be just," might permit the issuance of the writ to require the respondent to prepare the two orders, that the county treasurer pay the rebate in the manner mentioned in section 25, had a proper case been presented by the relator. It does not appear from the petition that the county treasurer has made the duplicate receipts required to be made by that section, and has transmitted one of them, with the tax certificate and petition for cancellation of the certificate, to the respondent. Indeed, the contrary is inferable from the statements of fact therein set forth. The performance of these acts by the county treasurer is a prerequisite to the making by the respondent of the orders for such payment, and for that reason the motion must be denied. Unless with the consent and at the instance of the respondent the county treasurer shall forthwith transmit such duplicate receipt and papers to the respondent, no relief can be afforded the petitioner in this proceeding, and it must have recourse in the first instance to its appropriate remedy against the county treasurer, to compel compliance with the statute on his part. The motion for a peremptory writ of mandamus is denied, with $30 costs.

Motion denied, with $30 costs.